IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| MICHAEL C. GREENSPON,<br><br>    Plaintiff,<br><br> vs.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY, et al.,<br><br>    Defendants. | CIVIL NO. 19-00516 JAO-KJM<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND** |

**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND**

Plaintiff Michael C. Greenspon ("Plaintiff") brought claims against various defendants in Hawai'i state court. Defendants removed the action to federal court. ECF Nos. 1, 6, 12, 13. Plaintiff now asks the Court to remand the action. ECF No. 24. The Court deems this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; Local Rule 7.1(c). For the reasons stated below, Plaintiff's motion to remand is GRANTED.

**I. BACKGROUND**

On September 25, 2019, Plaintiff filed a First Amended Complaint ("FAC") in Hawai'i state court against Defendants Deutsche Bank National Trust Company

("Deutsche Bank"); Ocwen Loan Servicing, LLC ("Ocwen");[1] James Blaine Rogers III; J. Blaine Rogers III, ALC; Alan Jarren Ma; and Dentons US LLP.[2] *See* ECF No. 24-3  On September 26, 2019 Defendants Deutsche Bank and Ocwen (collectively, "Deutsche Bank Defendants") removed the action to federal court because one of Plaintiff's claims allegedly raises a federal question. *See* ECF No. 1.[3]

The present dispute stems from a construction loan Plaintiff obtained in 2003 from IndyMac Bank, FSB that was secured by a mortgage on property on Maui. *See* FAC ¶ 24. A few years later, in 2008, federal regulators seized IndyMac and OneWest ("CIT") acquired some of its assets while the FDIC placed

---

[1] Defendant Ocwen Loan Servicing, LLC merged with its successor-by-merger, PHH Mortgage Corporation. *See* ECF No. 1 at 2 n.1.

[2] Defendants note that Plaintiff also appears to name the law firm Alston Hunt Floyd & Ing ("AHFI") and attorney Jenny J.N.A. Nakamoto as defendants. *See* ECF No. 40 at 1 n.1. Hereinafter, "Dentons Defendants" will refer to: James Blaine Rogers III; J. Blaine Rogers III, ALC; AHFI; Dentons US LLP; and Jenny J.N.A. Nakamoto. These attorneys and the firms they are associated with represent the financial institutions implicated in this dispute over Plaintiff's property on Maui. *See* FAC ¶¶ 11–15.

[3] Deutsche Bank Defendants' first notice of removal and their first amended notice of removal attached only Plaintiff's initial state-court complaint, rather than the FAC that Plaintiff filed in state court prior to Defendants' removal. *See* ECF Nos. 1-1, 6-1. About two weeks later, Deutsche Bank Defendants filed a second amended notice of removal attaching the FAC. *See* ECF No. 12-2. At that time, Dentons Defendants filed a supplemental notice of removal. ECF No. 13. Because the parties treat the FAC as the operative pleading for purposes of Plaintiff's motion to remand, the Court does so as well. *See* ECF Nos. 38, 40.

other assets in receivership. *See id.* ¶¶ 30–32. Plaintiff alleges that CIT, acting as Deutsche Bank's servicer and agent, conducted an unlawful nonjudicial foreclosure and public auction of the Maui property in 2010. *See id.* ¶ 33. A series of lawsuits in Hawaiʻi state court followed. *See id.* ¶¶ 34–41.

In what Plaintiff calls the "Main Action," he sued IndyMac and, in September 2011, the FDIC agreed to disclaim any rights or interests in the Maui property in exchange for dismissal of all claims against it and IndyMac. *See id.* ¶¶ 42–45.

In another action, and through a counterclaim in the Main Action, Deutsche Bank sought to eject Plaintiff from the Maui property based on the 2010 nonjudicial foreclosure sale. *See id.* ¶¶ 34, 46. Plaintiff alleges that, in seeking this relief, Deutsche Bank made certain misrepresentations about the nonjudicial foreclosure—e.g., who owned the promissory note and who was the highest bidder at auction—in order to obtain possession of the Maui property. *See id.* ¶¶ 47–49. Although Deutsche Bank obtained summary judgment for possession of the property in the Main Action in 2013, the Intermediate Court of Appeals ("ICA") vacated that judgment and remanded the case to the trial court in 2016.[4] *See id.* ¶¶ 35-37.

---

[4] Plaintiff alleges that, while the appeal in the Main Action was pending before the ICA, Deutsche Bank brought a retaliatory action to collect rent and seek damages for Plaintiff's alleged trespassing on the Maui property. *See id.* ¶¶ 37–41.

3

On remand, Deutsche Bank amended its counterclaim in the Main Action in May 2018 regarding its right to foreclose and/or enforce a lien on the Maui property. *See id.* ¶¶ 50–51. In connection with this, Deutsche Bank (through its agents and attorneys) recorded a Notice of Pendency of Action in the Bureau of Conveyances in May 2018 representing that Deutsche Bank is the holder of the note, although Plaintiff alleges Deutsche Bank had previously represented to the contrary. *See id.* ¶¶ 48, 50–51. Deutsche Bank (through its agents and attorneys) also later recorded an assignment and transfer of lien in the Hawai'i Bureau of Conveyances in July 2018 that purports to transfer the note and mortgage from FDIC to Deutsche Bank, effective June 2006. *See id.* ¶¶ 52–54. But Plaintiff alleges two problems with this recording: (1) the FDIC had no rights to transfer to Deutsche Bank because of the FDIC's disclaimer of rights or interest in the Maui property in September 2011; and (2) the FDIC had nothing to transfer to Deutsche Bank in 2006 because the FDIC receivership of IndyMac did not occur until 2008. *See id.* ¶¶ 81–83.

Plaintiff thus alleges these documents are a sham and Defendants' promotion of them to obtain relief in state court constitutes fraud. *See id.* ¶¶ 84–88. Plaintiff further alleges that recording these documents constitutes tampering with a government record in violation of Hawai'i Revised Statutes ("HRS") § 710-1017, unlawful recording of a nonconsensual lien in violation of HRS § 507D, and

4

violations of the Hawai'i Rules of Professional Conduct for the attorneys involved. *See id.* ¶¶ 91–92, 100–06, 114.

Under his first claim for fraud and intentional misrepresentation, Plaintiff also alleges Deutsche Bank and Ocwen overstated any amount due on the loan based on inflated force-placed hazard insurance charges and fees connected to the prior unlawful nonjudicial foreclosure. *See id.* ¶¶ 64–71, 107–12. He also takes issue with Ocwen's failure to provide requested information regarding when servicing transferred to Ocwen and the amount due. *See id.* ¶¶ 56–63.

Plaintiff's third cause of action—which Defendants contend justified removal—alleges unfair and deceptive acts and practices in violation of HRS § 480-2. To support this claim, Plaintiff references the fraudulent conduct and wrongful foreclosure discussed above, as well as Defendants' conduct that he alleges violates the federal Fair Debt Collection Practices Act ("FDCPA") along with other Hawai'i laws, the Hawai'i Rules of Professional Conduct, Hawai'i Court Records Rules regarding protection of personal information, and conduct allegedly evidencing a pattern of malicious tactics in litigation and to collect a debt. *See id.* ¶¶ 144–77.

Count III also incorporates the remaining allegations of the FAC, which allege claims for wrongful foreclosure (Count II), *see id.* ¶¶ 136–43, violations of the Hawai'i Collection Practices Act, HRS § 480D (Count IV), *see id.* ¶¶ 178-192;

5

unfair and deceptive acts and practices in violation of HRS § 480 (Count V), *see id.* ¶¶ 193–203; conversion, slander of title, and quantum meruit (Count VI), *see id.* ¶¶ 204–13, gross negligence (Count VII), ¶¶ 214–22; breach of fiduciary duty (Count VIII), *see id.* ¶¶ 223–32; tortious interference (Count IX), *see id.* ¶¶ 233–48; and intentional infliction of emotional distress (Count X), *see id.* ¶¶ 249–66. In support of these claims, Plaintiff seeks damages and punitive damages and asks the Court to quiet title, create a constructive trust, and grant injunctive relief. *See id.* ¶¶ 267–94.

After Defendants removed, Plaintiff moved to remand the action to state court on the basis that there is no federal question jurisdiction. *See* ECF No. 24. Deutsche Bank Defendants opposed the motion, ECF No. 38, which Defendant Alan Ma joined, ECF No. 41. Dentons Defendants filed their own opposition to the motion. ECF No. 40.

## II. LEGAL STANDARD

"A state court action may only be removed to federal court if that federal court could have exercised original jurisdiction." *Sacks v. Dietrich*, 663 F.3d 1065, 1068 (9th Cir. 2011) (citing 28 U.S.C. § 1441(a)). "Federal courts have original jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *K2 Am. Corp. v. Roland Oil & Gas, LLC*, 653 F.3d 1024, 1029 (9th Cir. 2011) (quoting 28 U.S.C. § 1331). "Removal based on federal-

question jurisdiction is reviewed under the longstanding well-pleaded complaint rule." *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018) (citation omitted). Under this rule, "[f]or a case to arise under federal law, a plaintiff's well-pleaded complaint must establish either (1) that federal law creates the cause of action or (2) that the plaintiff's asserted right to relief depends on the resolution of a substantial question of federal law." *K2 Am. Corp.*, 653 F.3d at 1029 (citation and internal quotation marks omitted).

In this second type of federal question jurisdiction, jurisdiction is proper only if "a state-law claim 'necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally-approved balance of federal and state judicial responsibilities.'" *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005)). "Such a federal issue must be 'a substantial one, indicating a serious federal interest in claiming the advantages thought to be inherent in a federal forum.'" *Id.* at 1086–87 (quoting *Grable*, 545 U.S. at 313). When a claim can be supported by alternative and independent state and federal theories, federal question jurisdiction is lacking because federal law is not a *necessary* element of the claim. *See Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 346 (9th Cir. 1996).

7

"The removal statute is strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque*, 582 F.3d at 1087 (citations omitted). "The defendant bears the burden of establishing that removal is proper." *Id.* (citations omitted). "Where doubt regarding the right to removal exists, a case should be remanded to state court." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003).

### III. DISCUSSION

#### A. Plaintiff Has Not Asserted a Federal Cause of Action

Defendants fail to demonstrate that Plaintiff asserted any federal cause of action in his FAC. They point to Count III, but that states a claim for unfair and deceptive acts or practices ("UDAP") under HRS § 480-2. *See* FAC ¶¶ 144–77. Section 480-2 prohibits unfair or deceptive acts or practices in trade or commerce. *See* HRS § 480-2. A plaintiff can state a UDAP claim in myriad ways, none of which require referring to or alleging a violation of federal law.[5] Count III is thus

---

[5] A practice is *unfair* when it (1) offends established public policy (including as established by statute, common law, or otherwise); and (2) when the practice is immoral, unethical, oppressive, unscrupulous; or (3) substantially injurious to consumers. *See Hungate v. Law Office of David B. Rosen*, 139 Hawaiʻi 394, 411, 391 P.3d 1, 18 (2017). Plaintiff need not allege that Defendants' actions meet all three factors to assert an unfair act or practice; instead, a practice may be unfair to the extent it meets one of those criteria or because to a lesser extent it meets all three. *See id.* A *deceptive* act or practice is (1) a representation, omission, or practice that (2) is likely to mislead consumers acting reasonably under the circumstances where (3) the representation, omission, or practice is material,

8

one arising under state, not federal law.

Defendants point to Plaintiff's allegations under Count III that Defendants violated certain federal laws like the FDCPA and the Real Estate Settlement Procedures Act ("RESPA"). *See, e.g.*, FAC ¶¶ 171–74. But the FAC explicitly states that Plaintiff is *not* bringing a federal claim under the FDCPA or RESPA. *See* FAC ¶¶ 21, 145. Instead, Count III alleges that Defendants' conduct is unfair because it offends public policy by violating certain statutes, including the FDCPA, but also because it violates other Hawaiʻi laws, breaches other statutory and common law duties, and breaches the rules of professional conduct. *See* FAC ¶ 175. Count III also alleges Defendants' conduct is deceptive based on certain misrepresentations, including regarding the amount and character of the alleged debt, certain fraudulent statements in publicly-filed documents, the practice of force-placed insurance, and abusive tactics in litigation and to collect a debt. *See* FAC ¶ 176. While Plaintiff does reference federal statutes as one of several bases for alleging unfair or deceptive practices in support of his UDAP claim, he did not file a federal claim under any of those statutes. *See Rains*, 80 F.3d at 343–44. For this reason, the cases Dentons Defendants rely on are unconvincing here. *See Lew v. U.S. Bank Nat. Ass'n*, No. C 11-04546 RS, 2011 WL 5368847, at *2 (N.D. Cal.

---

meaning it involves information that is likely to affect a consumer's choice or conduct regarding a product. *See id.*

9

Nov. 7, 2011) (noting complaint contained only a single reference to a state statute and there was no indication plaintiff's claims sounded in state law); *Holmes v. Cornerstone Credit Servs., Inc.*, No. 3:10-cv-0002-RRB, 2010 WL 1874903, at *2-3 (D. Alaska May 6, 2010) (observing plaintiff requested injunctive and declaratory relief under the FDCPA). The Court therefore rejects Defendants' argument that removal is proper because Plaintiff filed a federal claim.[6]

**B.     Count III Does Not Raise a Substantial Federal Question**

Defendants also fail to demonstrate that Plaintiff's state-law UDAP claim necessarily raises a substantial federal issue. As stated above: "[w]hen a claim can be supported by alternative and independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does

---

[6] The Court is also unpersuaded by Deutsche Bank Defendants' argument that the Court should deny remand in light of Plaintiff's litigation tactics. *See* ECF No. 38 at 6–8. The reference to Plaintiff's case against AIG is—as Defendants themselves concede—wholly irrelevant to the present motion. *See id.* at 8. And the only authority that these Defendants cite in support of their "gamesmanship" argument involves a scenario—unlike here—where a plaintiff amends his complaint after removal to delete a federal claim. *See id.* at 6. Even in those cases, though, the district court allowed the plaintiff to amend and then returned the case to state court. *See Diaz v. Sun-Maid Growers of Cal.*, 1:19-CV-00149-LJO-SKO, 2019 WL 3530399, at *5–6 (E.D. Cal. Aug. 2, 2019); *AJY Int'l, Inc. v. Korea Yakult, Ltd.*, No. 18-cv-04719-HSG, 2018 WL 5603653, at *3 (N.D. Cal. Oct. 29, 2018). Accusing Plaintiff of gamesmanship thus ignores the "well established" rule that the plaintiff is the master of his complaint who can assert only state-law claims if he so chooses. *See Redwood Theatres, Inc. v. Festival Enters., Inc.*, 908 F.2d 477, 479 (9th Cir. 1990).

not attach because federal law is not a necessary element of the claim." *Nevada v. Bank of Am. Corp.*, 672 F.3d 661, 675 (9th Cir. 2012) (quoting *Rains*, 80 F.3d at 346); *see also Merrill Lynch, Pierce, Fenner & Smith Inc. v. Manning*, 136 S. Ct. 1562, 1569–70 (2016) (noting that "arising under" jurisdiction is lacking if plaintiff can get all the relief he seeks by proving the elements of his state claim without needing to prove any violation of federal law, but that "arising under" jurisdiction exists if plaintiff's state claim "rises or falls on the plaintiff's ability to prove the violation of a federal duty" (citations omitted)).[7] Here, Plaintiff's UDAP claim is supported by a federal theory—namely that Defendants engaged in unfair practices by violating federal law—but is also supported by independent state theories—including that Defendants violated other Hawai'i laws, engaged in other misrepresentations, and breached other duties like those under Hawai'i rules of court and professional conduct. *See Nevada*, 672 F.3d at 675 (holding plaintiff had not necessarily raised a substantial federal issue through its claim under a state deceptive practices act based on certain misrepresentations, some of which also violated the FDCPA); *Rains*, 80 F.3d at 345–47 (holding federal law was not a necessary element of plaintiff's state claim for wrongful termination in violation of

---

[7] Contrary to Deutsche Bank Defendants' argument, *see* ECF No. 38 at 5–6, jurisdiction was lacking in *Merrill Lynch*. *See* 136 S. Ct. at 1567, 1575. This was so even though the plaintiff's complaint alleging only state-law claims referred to federal regulations and couched its description of the defendant's misconduct as violating federal regulations, as well as state law. *See id.* at 1566–67.

11

public policy where complaint referred to Title VII as one basis for demonstrating public policy against employment discrimination, but also cited state constitution and state law that prohibited such discrimination); *see also* FAC ¶¶ 91–92, 101–06, 173, 175–76, 178–92, 198.[8]  Thus, federal law is not a necessary element of Plaintiff's UDAP claim.

Further, even if Plaintiff's UDAP claim necessarily raised a federal issue, the Court would conclude the allegations regarding RESPA and FDCPA do not raise a *substantial* federal issue and, further, that exercising federal jurisdiction here would be inconsistent with congressional judgment about the sound division of labor between state and federal courts.  *See Nevada*, 672 F.3d at 675–76; *see also Peters v. Alaska Tr., LLC*, 305 F. Supp. 3d 1019, 1026–28 (D. Alaska 2018).  To support its substantiality argument, Defendants cite only inapposite cases where a plaintiff explicitly brought an FDCPA claim or sought affirmative injunctive relief under the FDCPA.  *See Holmes*, 2010 WL 1874903, at *2–3 (denying remand because plaintiff requested injunctive relief under the FDCPA); *Irving v.*

---

[8] As Plaintiff points out in his reply, Defendants fail to address these allegations in the FAC.  *See* ECF No. 42.  Their failure to address these allegations that purport to premise a UDAP claim on provisions other than federal law and conduct other than violations of federal law thus creates an ambiguity regarding whether removal was proper.  *See Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) ("The 'strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper,' and that the court resolves all ambiguity in favor of remand to state court." (quoting *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992))).

*Terminix Int'l, Inc.*, CIVIL ACTION FILE NO. 1:09-CV-01278-CC-AJB, 2009 WL 10711986, at *5 (N.D. Ga. June 2, 2009) ("Here, Plaintiff's civil action clearly raises federal claims, namely the FDCPA claims. As such, *Grable & Sons* is not controlling."); *Borges v. Bank of Am., NA*, Civil Action File No. 1:11-CV-3363-JEC-AJB, 2012 WL 4328374, at *6 (N.D. Ga. May 1, 2012) (concluding plaintiff's FDCPA claim gave court federal question jurisdiction even if that federal claim ultimately lacked merit). As discussed above, Plaintiff seeks remedies solely under state law here.

Further, contrary to Defendants' arguments, exercising federal jurisdiction over a state-law claim that references a federal consumer protection statute could shift traditionally state cases into federal court and disturb the balance of judicial responsibilities. *See Nevada*, 672 F.3d at 676 ("State courts frequently handle state-law consumer protection suits that refer to or are predicated on standards set forth in federal statutes. Exercising federal question jurisdiction over any state law claim that references a federal consumer protection statute would 'herald[ ] a potentially enormous shift of traditionally state cases into federal courts.'" (quoting *Grable*, 545 U.S. at 319)); *see also Peters*, 305 F. Supp. 3d at 1028 (relying on *Nevada* and remanding state-law consumer protection claim premised only on an FDCPA violation because resolving the claim in federal court would disrupt federal-state balance). Nor is the Court persuaded by Defendants' arguments that a

federal forum is preferable here because any state-law issues are not novel: Defendants fail to cite any case where a plaintiff has similarly brought a UDAP claim against opposing counsel premised on, for example, violations of HRS §§ 480D, 507D, and 710-1017, or based on allegations of fraud or violations of court or professional conduct rules. *See* ECF No. 40 at 24–25.

For these reasons, Defendants have not met their burden of demonstrating removal was proper based on a substantial federal issue.

### C. The Artful Pleading Doctrine Is Inapplicable

The Court also concludes remand is warranted despite Dentons Defendants' reference to the artful pleading doctrine, which is "a corollary to the well-pleaded complaint rule." *Hansen*, 902 F.3d at 1057. "Under the artful pleading doctrine, a plaintiff may not avoid federal jurisdiction by 'omitting from the complaint federal law essential to his claim, or by casting in state law terms a claim that can be made only under federal law.'" *Rains*, 80 F.3d at 344 (quoting *Olguin v. Inspiration Consol. Copper Co.*, 740 F.2d 1468, 1472 (9th Cir. 1984)). This doctrine is invoked only in exceptional circumstances, *see Redwood Theatres*, 908 F.2d at 479, and most commonly applies when a federal law completely preempts and displaces a plaintiff's state-law cause of action, *see Hansen*, 902 F.3d at 1057.

Dentons Defendants argue that removal is proper under the artful pleading doctrine but not on the basis of complete preemption. Instead, they cite to a

14

handful of Hawaiʻi Supreme Court decisions limiting the scope of UDAP claims against opposing counsel in the context of foreclosure proceedings. *See* ECF No. 40 at 10–14. Dentons Defendants argue that, because Plaintiff's UDAP claim lacks merit in light of those decisions, the Court must recast his UDAP claim as a federal claim. *See id.* The Court declines to do so for two reasons. First, arguments regarding whether Plaintiff has stated a meritorious UDAP claim are misplaced on a motion to remand. *See Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003), *as amended* (Sept. 5 and 22, 2003) ("While we express no opinion on whether [plaintiff] has made sufficiently detailed allegations of deception and fraud to survive in state court a demurrer or motion on the pleadings, his allegations are sufficient (for the limited purposes of this appeal) to sustain the elements of his § 17200 claim without resort to federal law." (citations omitted)). Indeed, courts have rejected similar attempts to justify removal by questioning the merits of a state-law claim. *See, e.g., Leo v. Alameda Cty. Med. Ctr.*, No. C 06-03799 SI, 2006 WL 2669001, at *3 (N.D. Cal. Sept. 18, 2006) (granting motion to remand despite defendant's argument that federal law was necessary to plaintiffs' state-law consumer protection claim because their alternative state-law predicates for that claim lacked merit).

Second, as discussed above, Defendants have not shown that the authority they rely on would necessarily defeat Plaintiff's UDAP claim here, which is

15

alternatively premised on allegations of fraud, violations of certain professional and court rules, tampering with a government record in violation of Hawaiʻi criminal law, *see* HRS § 710-1017, and violations of Hawaii's collection practices act, which is itself a UDAP violation, *see* HRS § 480D-4(a); FAC ¶ 188. *See Goran Pleho, LLC v. Lacy*, 144 Hawaiʻi 224, 248, 439 P.3d 176, 200 (2019).[9] At the least, because Defendants failed to address Plaintiff's specific allegations incorporating other Hawaiʻi statutes, rules, and common law claims, there remain doubts regarding whether removal was proper, and such doubts must be resolved in favor of remand.

---

[9] In *Goran Pleho*, the Hawaiʻi Supreme Court reiterated that opposing counsel could be held liable for a UDAP claim:

> *[W]e did not hold that the practice of law was categorically exempt from HRS § 480-2 liability. . . . [W]e explicitly stated . . . that our solicitude would 'not encompass, for example, allowing attorneys to conduct patently illegal activities on behalf of clients.' And we reserved judgment as to whether a then-recent amendment to the Hawaiʻi foreclosure statute, which made a duly authorized agent of a wrongfully foreclosing mortgagee liable under HRS § 480-2(a) in certain circumstances, could be applied to an attorney. This court thus indicated that HRS § 480-2(a) could indeed be applied to the practice of law, albeit under a higher standard than in other trades in some instances.*

144 Hawaiʻi at 248, 439 P.3d at 200 (quoting *Hungate*, 139 Hawaiʻi at 413 & nn. 22–23, 391 P.3d at 20 & nn. 22–23 (2017)).

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand. The Court has no jurisdiction to rule on any other pending motion.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, January 7, 2020.



Jill A. Otake
United States District Judge

Civil No. 19-00516 JAO-KJM, *Greenspon v. Deutsche Bank National Trust Company, et al.*, ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

17